LOVE, ADMINISTRATOR, *v.* WALTZ *et al.*

The judgment of a Court of competent jurisdiction directly upon the point is, as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in another Court.

Where a plaintiff had obtained judgment in another Court for a quarter's rent under a lease : *Held,* that in an action of forcible entry for non-payment of another quarter's rent under the same lease, between the same parties, the plaintiff could introduce the former judgment as evidence on all the points identical in the two cases.

APPEAL from the County Court of San Francisco.

Mary Bennett, at the time administratrix of the deceased, leased certain premises to the defendants, at a certain rent, payable quarterly. The lease was executed in her own name, and did not, upon its face, purport to be executed by her in her capacity as administratrix; but the premises were in fact the property of the estate. Mary Bennett afterwards intermarried with the plaintiff, her letters were revoked, and administration granted to plaintiff. Plaintiff brought suit for rent and obtained judgment by default, and the case was appealed to this Court, and the judgment affirmed at the April Term, 1856. Another suit was afterwards brought for another quarter's rent, to which defendant, O'Rourke, appeared and pleaded. A trial was had and judgment given for plaintiff, and the case again appealed to this Court, and the judgment was affirmed at the October Term, 1856. Another quarter's rent becoming due, plaintiff demanded the rent, and the same not being paid, he demanded possession of the premises, which being refused, plaintiff brought suit against defendants, before a justice of the peace, for rent and for unlawfully holding over. The plaintiff obtained judgment for trebled rents and for restitution of the premises, from which judgment defendant O'Rourke, appealed to the County Court of San Francisco. Upon the trial in the County Court, the plaintiff offered in evidence, among other proofs, the lease and certified copies of the records of the Probate Court, to prove the revocation of the letters of Mary Bennett, and the grant of administration to plaintiff, and also a cer-

tified copy of the judgment-roll of the last preceding case tried and determined in the Superior Court. The evidence was objected to by the defendant in the County Court, and by the Court excluded from the jury, and plaintiff duly excepted. The County Court having excluded the evidence, gave judgment of nonsuit against the plaintiff, who moved for a new trial, which motion being overruled, the plaintiff appealed to this Court.

*D. W. Perley* for Appellant.

The right of Love to maintain suit on this lease is already *res adjudicata.*

The defendants ought not to be permitted to litigate the same questions forever.

The former judgments are a complete bar to the defendants setting up the same matter in the County Court.

The Superior Court was a Court of competent jurisdiction; the judgment was directly on the point; the parties were the same; the subject matter was the same, and whenever such a judgment is set up in another Court it is conclusive.

The general rule upon the question was laid down with great clearness by Chief Justice De Grey in the Dutchess of Kingston's case, and has been always followed and confirmed without qualification ever since. He says:

"The judgment of a Court of competent jurisdiction directly upon the point, is as a plea, a bar; or as evidence, conclusive between the same parties, upon the same matter, directly in question in another Court. 1 Green on Ev., 633.

From these authorities it is perfectly clear that although Mary Bennett procured the lease in her own name, she held it as a part of the property of the estate, and if she had sued on the lease, the money would have been assets when recovered, and although she was not described in her lease as administratrix, she could, nevertheless, have maintained suit on it in that capacity.

To hold any other doctrine would be to allow executors and other trustees to speculate with the trust property for their own benefit.

The lease, then, being the property of the estate, and not the property of Mary Bennett, it is equally clear that the *administrator de bonis non,* is the proper and only person who can sue.

The appellant confidently submits to this Court, that all the points made by the respondents are frivolous and vexatious, and made with the intent to delay, hinder and defraud the estate of Bennett out of an honest and just debt.

*William White* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, J., concurring.

We do not conceive it necessary to examine all the points made in this case by counsel, as a few positions, we think, must settle the matter in controversy. It was laid down in the Duchess of Kingston's case, by Chief Justice De Grey, that " the judgment of a Court of competent jurisdiction directly upon the point, is, as a plea, a bar; or as evidence, conclusive, between the same parties upon the same matter directly in question in another Court." 1 Green. Ev., § 528. The doctrine here laid down has ever since been followed, and is the settled doctrine of the law and of right reason. So far then as the same issues and facts are directly involved in the two cases, the decision in the former suit is conclusive upon the parties. When we look into the complaint, the answer and judgment, in the former case, we find that the questions there involved, were substantially the same as those arising in the present case, except the demand of the last quarter's rent, the demand of possession, and the refusal of defendants to pay the rent or surrender the premises, and these latter facts were fully proven. The suit was upon the same lease, by the same plaintiff, in the same capacity, and the defence set up involved the same points substantially. Every material fact set forth in the complaint, in the former suit, was found to be true by the judgment of the Court, and cannot be questioned in any other Court by the same parties. If defendants had any doubt in regard to the right of plaintiff to sue, and wished to be protected from any further liability to Mrs. Love, they should have made her a party to the first suit, and then the judgment would have been conclusive upon all parties that could have any interest. And if the plaintiff had ceased to be administrator since the former suit, that fact could be set up and the revocation of his letters proven by defendant. The plaintiff having shown a grant of administration to him at a former period, the law will throw the onus of proof upon the party denying his present capacity.

As to any question of law arising in the former case, in regard to the right of the administrator to sue upon the lease in question, we think there can be no doubt. The premises were the property of the estate, as the Superior Court found, and the lease, though in the name of Mary Bennett, was in truth a lease from her as administratrix. All these questions were necessarily determined by this Court, in the case decided at the last October Term. We can see no sufficient reason for the judgment of the County Court, and the same is reversed and the cause remanded for further proceedings.